## FREDERICK N. BISSEL v. T. W. TERRELL et al.

A commission certified in the following manner :—"In witness whereof I have hereunto set my hand and my official seal, at St Louis, Missouri, the day and year above written. (Signed) Charles H. Tillson, Commissioner"—is sufficient.

Owners of property may be sued jointly or severally.

A statute must be produced in order to be enforced in a Court of justice.

Every act whatever of man, that causes damage to another, obliges him by whose fault it happened, to repair it.

Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.

APPEAL from the Third District Court of New Orleans, *Handlin, J.*
*Geo. L. Bright,* for plaintiff and appellant.

*J. Ad. Rozier, for defendant.*—Before a man can be indemnified against loss, it is self-evident that he must be exposed to the risk of loss; he must have some interest in the thing he assumes to protect, in respect of which interest he may be liable to suffer loss, or detriment, from those perils against which he insures it. The interest which it is thus necessary for every one to have, before he can effect an *available* insurance, on his own account and for his own benefit, is called an insurable interest. Arnould on Insurance, p. 229. At page 228: "The ship-owner has an insurable interest in the profit he expects to make, by carrying *his own goods*, in his own ship, and this interest he may protect by a general policy on freight. Ib. p. 228; Phillips on Insurance, vol. 2, p. 663, etc.

Must prove interest. Greenleaf on Evidence, vol. 2, p. 306: The plaintiff's interest in the subject insured, and the payment of the premium must be proved.

Kent's Commentaries, vol. 3, p. 261, Of Insurable Interests.

Merrick, C. J., p. 38, vol. 12 An. Rep.: "It being admitted, that in an open policy of insurance a party can only recover to the extent of the loss which he proves he has sustained," etc.

Arnould on Insurance, vol. 1, p. 258: Generally speaking, the ship-owner alone has an insurable interest on freight.

The consignee should have instituted this suit, if there is any cause of action. See Angell on Carriers, § 495 to § 515.

LABAUVE, J. The plaintiff alleges that, on the 15th September, 1863, he shipped on board the steamer Hannibal, then lying in the port of New Orleans, for St. Louis, thirty-six hhds of sugar, weighing 39,452 pounds nett, and of the value of $4,773, to be carried as freight and delivered by said boat at St. Louis, to W. C. Kennett, or his assigns. That the said steamer never delivered the said sugar according to the agreement and according to the bill of lading, and the same was entirely lost to him. That on the trip from New Orleans to St. Louis, the said steamer having on board the said sugar, sunk near Donaldsonville, and the sugar was wholly lost; that the loss was occasioned by the dangers of the river usually insured against. That at the time of making the shipment, Captain T. W. Terrell, master and part owner of said steamer, represented to him, and agreed and contracted with petitioner, that said sugar should be insured, that the owners of the boat had an open policy with the Globe Insurance Company against war and marine risks, and that the said sugar was covered by said policy, and they so expressed it in the bill of lading. That by these representations he was induced to ship his said sugar; and that, after the loss of said sugar, it appeared that said steamer had no open policy, as represented, and that petitioner has suffered damages for the value of the sugar, and that the defendants are bound for the same.

The defendant T. W. Terrell excepted that the petition disclosed no cause of action. This exception being properly overruled, he answered in substance by a general denial.

The District Court, after having heard the testimony, gave judgment for plaintiff, against the defendants, for $4,339 72, with interest from the 15th September, 1863.

The defendants took this appeal.

On a rule to show cause why the testimony of several witnesses, taken under commission on the part of plaintiff, before Charles H. Tillson, Louisiana State Commissioner for the State of Missouri, should not be received in evidence, defendant objected to the same on the ground that the alleged commissioner, Charles H. Tillson, has not affixed to his certificate and proces-verbal his seal of office, bearing the impress of his name, official capacity, and the name of the State, or territory within the jurisdiction of the State, or territory which he may pretend that he is authorized to act for; and that no seal is annexed to said depositions, as is required by law.

The Court overruled the objections and admitted the testimony, and the defendants excepted to the opinion of the Court.

The bill of exceptions does not give us the reasons for the ruling of the Court; the record shows that a seal was affixed to the certificate, and the commissioner closes as follows:

Frederick N. Bissel v. T. W. Terrell et al.

"*In witness whereof I have hereunto set my hand and my official seal at St. Louis, Missouri, the day and year above written.*

    (Signed)                  CHARLES H. TILLSON,
                                          Commissioner."

We must presume by this circumstance, that the seal so affixed was the proper one, and that the impress of the names and capacity was not distinct, and that the Judge acted correctly.

When the case was called up for trial below, the defendant moved that the cause be continued, and that plaintiff be forced to make the other owners of the boat parties in the suit. The Court overruled the motion, and the case proceeded. The defendant excepted to the ruling of the Court.

We think the Court did not err.

During the trial, plaintiff offered in evidence the bill of lading for the sugar; the defendant objected to the same, on the ground that there was no stamp on the same, as required by the laws of the United States.

The Court overruled the objections and received the document.

The defendant's counsel has not favored us with the laws upon which he relies, requiring a stamp on a bill of lading from one port to another of the United States. We think the Court did not err.

We now come to the merits.

The bill of lading, dated New Orleans, September 15th, 1863, shows that the plaintiff delivered on board the steamer Hannibal thirty-six hogsheads of sugar, to be transported to the Port of St. Louis. On the bill of lading are written the following words: "*Insured under open policy Str. Hannibal with Globe Insurance Co. against marine and war risks.*"

It was admitted on trial below, that the sugar weighed 39,452 pounds nett, and that it was worth eleven cents per pound. The testimony shows that the steamer Hannibal was lost by sinking in the river Mississippi, near Donaldsonville, and that the sugar was wholly lost with the boat. William W. Green, president, and Henry M. Blossom, secretary, of the Globe Insurance Company, examined under commission, testified that Captain Terrell and the owners of the steamboat Hannibal did not have an open policy of insurance in the Globe Insurance Company, which covered the thirty-six hogsheads of sugar shipped from New Orleans to St. Louis, on the steamboat Hannibal, on or about the 15th September, 1863, and that they had no open policy in the office of said company.

We are clearly of opinion that the defendants are responsible to plaintiff for the damages sustained by the loss of the sugar, because, by their own act and false representations, they induced plaintiff into error, and were the cause of his not insuring his sugar here, for it is evident he intended to do so. C. C. Arts. 2294, 2295.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed, with costs.